UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

ZARJE SALAZAR, an individual,

      Plaintiff,

      v.

US1 MOTEL MANAGEMENT LLC,
a Florida Limited Liability Company,

      Defendant.

_____/

## **COMPLAINT**

1.      Plaintiff, ZARJE SALAZAR (hereinafter referred to as "Plaintiff" or "SALAZAR"), is an individual residing in Miami-Dade County, Florida whose race/color is Hispanic and national origin, ethnicity/ancestry is American.

2.      SALAZAR was an employee of Defendant, US1 MOTEL MANAGEMENT LLC, a Florida Limited Liability Company, and Plaintiff brings this action against Defendant for alleged discrimination and retaliation in violation of 42 U.S.C. §1981 (Section 1981), Title VII of the Civil Rights Act, 42 U.S.C. §2000 *et seq.* (Title VII), and the Florida Civil Rights Act (FCRA), Florida Statutes §760.01 *et seq.*

3.      At all times material to this Complaint, Defendant, US1 MOTEL MANAGEMENT LLC, has owned and operated a hotel management business based at 22345 S. Dixie Highway, Miami, Florida 33170 in Miami-Dade County, Florida, within the jurisdiction of this Court.

4.      Jurisdiction is conferred on this Court by 42 U.S.C. §1981 and 28 U.S.C. §1337.

5.      The events, or a substantial part of the events, giving rise to this action, occurred in Miami-Dade County within the jurisdiction of the United States District Court for the Southern

District of Florida, Miami Division.

6.     On or around April 15, 2021, SALAZAR began working for US1 MOTEL MANAGEMENT LLC as House Keeper at Defendant's "NEXX Motel" based upon the regular rate of $11.00 per hour, with Plaintiff's primary duties consisting of non-exempt cleaning duties including cleaning up rooms and showers and jacuzzi tubs, cleaning the laundromat, and cleaning the parking lot for Defendant.

7.     At all times material to this action, SALAZAR was an employee of US1 MOTEL MANAGEMENT LLC within the meaning of 42 U.S.C. §1981 Title VII, 42 U.S.C. §2000e(f), and the FCRA, F.S. §760.10(1)(a).

8.     At all times material to this action, US1 MOTEL MANAGEMENT LLC had fifteen (15) or more employees and constituted an employer of SALAZAR within the meaning of 42 U.S.C. §1981, Title VII, 42 U.S.C. §2000e(b), and the FCRA, F.S. §760.02(7).

9.     When SALAZAR was hired by US1 MOTEL MANAGEMENT LLC in April 2021, Defendant's Manager, Joao Roselini, discussed with Plaintiff what her native and primary language was, as part of which SALAZAR informed Roselini that English was Plaintiff's native and primary language.

10.     Roselini replied to SALAZAR in April 2021 at the outset of her employment with US1 MOTEL MANAGEMENT LLC that Roselini liked the fact that SALAZAR spoke English because:  (i) Plaintiff would be capable of communicating with Defendant's customers in English; and (ii) according to Roselini, none of Defendant's other employees from housekeeping at the "NEXX Motel" knew how to speak English.

11.     Between April 2021 and May 2021, SALAZAR satisfactorily performed her essential duties as a House Keeper for US1 MOTEL MANAGEMENT LLC.

12.     In May 2021, two (2) other housekeeping employees at US1 MOTEL MANAGEMENT LLC's "NEXX Motel"—(i) Jennifer, a Hispanic individual of Guatemalan descent; and (ii) another housekeeper of Cuban descent—complained that SALAZAR regularly spoke in English over the walkie talkie and not in Spanish, with those two (2) other employees being individuals who only spoke Spanish while SALAZAR is a Hispanic American whose primary language is English.

13.     Subsequently in May 2021, Roselini called SALAZAR to come back into the laundromat at Defendant's "NEXX Motel" while approximately four (4) other employees were present in the laundromat—including (i) Jennifer; (ii) Daily, a Hispanic employee who was of Cuban descent and who only spoke Spanish; (iii) another Hispanic employee who was of Cuban descent and spoke only Spanish; and (iv) Soy, a/k/a Zoe, Defendant's front desk attendant, a Hispanic employee who was of Honduran descent—and Roselini notified SALAZAR that he did not want Plaintiff to speak English in the workplace any longer because the other housekeeping employees of US1 MOTEL MANAGEMENT LLC at Defendant's "NEXX Motel" were from other countries and could not understand English because those other housekeeping employees only spoke Spanish.

14.     Moreover, Roselini instructed SALAZAR in May 2021 that Plaintiff was no longer permitted to speak English at all while working for US1 MOTEL MANAGEMENT LLC, as part of which Roselini told Soy, Defendant's front desk attendant, that Soy was not allowed to speak to SALAZAR in English and rather that Soy could only speak to SALAZAR in Spanish from that point forward.

15.     A few days later in May 2021, while SALAZAR was in the laundromat at Defendant's "NEXX Motel" to pick up cleaning supplies, Plaintiff said "excuse me" in Spanish to

one of US1 MOTEL MANAGEMENT LLC's housekeeping employees who was of Cuban descent and spoke only Spanish, but that other employee got upset at how SALAZAR had purportedly pronounced the words Plaintiff used in Spanish and the other housekeeper claimed that she could not understand SALAZAR when Plaintiff had been speaking in Spanish—at which point SALAZAR tried to resolve the situation.

16.    However, SALAZAR's good faith attempts to communicate with Defendant's other housekeeping employee angered the other housekeeping employee even more and she not only began yelling at SALAZAR not to speak to her in English but the other housekeeping employee questioned SALAZAR about how Roselini had recently instructed Plaintiff that she was not permitted to speak English in the workplace any longer at US1 MOTEL MANAGEMENT LLC.

17.    On numerous occasions during SALAZAR's employment between April 2021 and May 2021, Roselini repeatedly stated that US1 MOTEL MANAGEMENT LLC "preferred to hire undocumented employees who were illegal" and "could be abused."

18.    Further in May 2021, SALAZAR contacted United States Immigration and Customs Enforcement (ICE) a total of approximately two (2) to three (3) times to report that US1 MOTEL MANAGEMENT LLC was illegally employing undocumented workers from other countries in violation of the law, which good faith complaints by SALAZAR were known to Defendant and which were discussed with other employees at the "NEXX Motel."

19.    On or around May 17, 2021, SALAZAR went into the office at Defendant's "NEXX Motel" in order to talk with Roselini about what days Plaintiff was scheduled to work, but Roselini informed SALAZAR that US1 MOTEL MANAGEMENT LLC was terminating Plaintiff's employment purportedly because: (i) Defendant's other non-American housekeeping

employees felt uncomfortable because SALAZAR had spoken in English in the workplace and the other housekeeping employees who were from other countries were only Spanish speakers; and (ii) Roselini had previously instructed SALAZAR earlier in May 2021 never to speak English again while working at US1 MOTEL MANAGEMENT LLC.

20.     Significantly, Roselini also told SALAZAR on or around May 17, 2021 that he had no problem with how Plaintiff worked and that he thought SALAZAR did an excellent job for US1 MOTEL MANAGEMENT LLC, but Roselini believed SALAZAR made Defendant's other non-American housekeeping employees upset and uncomfortable because of how SALAZAR spoke in Spanish and English to those housekeeping employees.

21.     SALAZAR expressly objected and complained to Roselini on or around May 17, 2021 to US1 MOTEL MANAGEMENT LLC's discrimination against Plaintiff based upon her race/color/ Hispanic, and ethnicity/ancestry, American, and SALAZAR also reminded Roselini that she and Roselini discussed when Plaintiff was hired in April 2021 that Plaintiff's primary language was English, but Roselini cited his May 2021 instruction to SALAZAR not to speak English in Defendant's workplace as part of the justification for US1 MOTEL MANAGEMENT LLC terminating SALAZAR's employment.

22.     When US1 MOTEL MANAGEMENT LLC terminated SALAZAR's employment on or around May 17, 2021, Roselini handed SALAZAR a proposed "Separation Agreement and Release of Work Duties," see Exhibit A, which Agreement SALAZAR was asked to sign immediately—but which Plaintiff *did not* sign—which Agreement set forth, *inter alia*, that: (i) SALAZAR was being terminated "without cause" effective May 17, 2021; and (ii) in exchange for her final week of pay, SALAZAR would release Defendant from any and all rights and discrimination or other claims of any kind that SALAZAR could possibly have against US1

MOTEL MANAGEMENT LLC (excluding only claims under the Age Discrimination in Employment Act). <u>See</u> Exhibit A at §§A, 1-2.

23.    The reasons proffered and/or relied upon by US1 MOTEL MANAGEMENT LLC in May 2021 for the termination of SALAZAR's employment were false and a pretext for discrimination against Plaintiff because of SALAZAR's: (i) race/color and/or ethnicity/ancestry; and (ii) internal discrimination complaints to US1 MOTEL MANAGEMENT LLC and/or Plaintiff's complaints to ICE, in violation of Title VII, the FCRA, and Section 1981.

**EXHAUSTION OF ADMINISTRATVIE REMEDIES**

24.    On December 9, 2021, SALAZAR dual filed a Charge of Discrimination against US1 MOTEL MANAGEMENT LLC with the United States Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR) alleging race and national origin discrimination, as well as retaliation, in violation of Title VII and the FCRA. A copy of SALAZAR's EEOC Charge, Charge No. 510-2022-01399, is attached hereto as Exhibit B.

25.    On March 17, 2022, SALAZAR received the Dismissal and Notice of Suit Rights issued by the EEOC for Charge No. 510-2022-01399, a copy which RTS Notice is attached hereto as Exhibit C.

26.    This Complaint is being timely as a matter of law on June 15, 2022 within Ninety (90) days of SALAZAR's receipt of the EEOC's Notice of Right to Sue in connection with Charge No. 510-2022-01399.

27.    As of June 15, 2022, more than One Hundred and Eighty (180) days have passed since the filing of SALAZAR's Charge of Discrimination on December 9, 2021 and the FCHR did not issue any determination concerning SALAZAR's Charge. As a result, pursuant to F.S.

§760.11(18), which provides that in the event that the FCHR fails to conciliate or determine whether there is reasonable cause on any complaint under that section within 180 days of the filing of the complaint, an aggrieved person may file a civil action "as if the commission determined that there was reasonable cause," SALAZAR has exhausted all administrative remedies under Florida as well as Federal law.

28.     All conditions precedent to the claims pled in this Complaint have either occurred or been waived.

**<u>COUNT I</u>**
**<u>UNLAWFUL DISAPARATE TREATMENT IN VIOLATION OF 42 U.S.C. §1981</u>**

29.     Plaintiff, ZARJE SALAZAR, reasserts and reaffirms the allegations of Paragraphs 1 through 28 as if fully set forth herein and further states that this is an action against Defendant, US1 MOTEL MANAGEMENT LLC, for violations of 42 U.S.C. §1981.

30.     42 U.S.C. §1981(a) provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

31.     Moreover, for purposes of 42 U.S.C. §1981, the term "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

32.     On multiple occasions between April 2021 and May 2021, SALAZAR was subjected to discriminatory intimidation, ridicule, and insults by US1 MOTEL MANAGEMENT LLC, all of which were based upon SALAZAR's race/color, Hispanic, and/or Plaintiff's ethnicity/ancestry, American.

33.     Between approximately April 2021 and May 2021, US1 MOTEL MANAGEMENT LLC treated other non-American and/or non-Hispanic employees of Defendant more favorably than SALAZAR because of unlawful disparate treatment by Defendant against SALAZAR based upon SALAZAR's race/color, Hispanic, and/or Plaintiff's ethnicity/ancestry, American, in violation of 42 U.S.C. §1981.

34.     On or around May 17, 2021, US1 MOTEL MANAGEMENT LLC terminated SALAZAR's employment because a discriminatory animus or bias by Defendant against Plaintiff because of her race/color, Hispanic, and/or Plaintiff's ethnicity/ancestry, American, in violation of 42 U.S.C. §1981.

35.     But for SALAZAR's race/color, Hispanic, and/or Plaintiff's ethnicity/ancestry, American, SALAZAR would not have been terminated from her employment by US1 MOTEL MANAGEMENT LLC in May 2021 in violation of 42 U.S.C. §1981.

36.     US1 MOTEL MANAGEMENT LLC's decision to terminate SALAZAR's employment in May 2021 based upon SALAZAR's race/color, Hispanic, and/or Plaintiff's ethnicity/ancestry, American, constitutes intentional discrimination against SALAZAR in violation of 42 U.S.C. §1981.  In other words, but for SALAZAR's race/color, Hispanic, and/or Plaintiff's ethnicity/ancestry, American, Plaintiff would not have been fired by US1 MOTEL MANAGEMENT LLC in May 2021 20 as a House Keeper.

37.     When Defendant terminated SALAZAR's employment on or around May 17, 2021 for reasons that US1 MOTEL MANAGEMENT LLC knew to be false and were instead a pretext to attempt to cover up unlawful discrimination and retaliation against SALAZAR because of her race/color, Hispanic, and/or ethnicity/ancestry, American, Defendant violated 42 U.S.C. §1981.

38.     US1 MOTEL MANAGEMENT LLC's violations of 42 U.S.C. §1981 were intentional and undertaken with malice and a reckless disregard for SALAZAR's rights as guaranteed under the laws of the United States.  As such, SALAZAR is entitled to punitive damages from Defendant pursuant to 42 U.S.C. §1981a(a)(1).

39.     SALAZAR has suffered lost earnings, emotional distress, loss of self-esteem, and other injuries and damages as a direct result of US1 MOTEL MANAGEMENT LLC's violations of 42 U.S.C. §1981.

40.     Pursuant to 42 U.S.C. §1988(b), SALAZAR is entitled to recover her reasonable attorneys' fees and costs from US1 MOTEL MANAGEMENT LLC.

WHEREFORE, Plaintiff, ZARJE SALAZAR, demands judgment against Defendant, jointly and severally, US1 MOTEL MANAGEMENT LLC, for back pay, employment benefits, other compensation including bonuses or benefits, compensatory damages, punitive damages, equitable relief including but not limited to front pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

### COUNT II
### RETALIATION IN VIOLATION OF 42 U.S.C. §1981

Plaintiff, ZARJE SALAZAR, reasserts and reaffirms the allegations of Paragraphs 1 through 28 as if fully set forth herein and further states that this is an action against US1 MOTEL MANAGEMENT LLC for Retaliation in violation of 42 U.S.C. §1981.

41.     On multiple occasions in May 2021, SALAZAR objected to and complained to US1 MOTEL MANAGEMENT LLC's Manager, Joao Roselini, about the unlawful race/color and ethnicity/ancestry harassment and disparate treatment against SALAZAR while Plaintiff was working at Defendant's "NEXX Motel," but Defendant failed to take remedial action to prevent

or correct such unlawful conduct from continuing, in violation of 42 U.S.C. §1981, despite the fact that Defendant knew or should have known that such harassment was illegal.

42.     When SALAZAR objected to and verbally complained to Joao Roselini on multiple occasions in May 2021 about what Plaintiff reasonably and in good faith believed was unlawful race/color and ethnicity/ancestry discrimination against Plaintiff, SALAZAR engaged in protected activity within the meaning of 42 U.S.C. §1981.

43.     Likewise, when SALAZAR contacted ICE ns in May 2021 to report that US1 MOTEL MANAGEMENT LLC was illegally employing undocumented workers from other countries in violation of the law, SALAZAR engaged in protected activity within the meaning of 42 U.S.C. §1981.

44.     In retaliation for SALAZAR's opposition and good faith complaints in May 2021 about race/color and ethnicity/ancestry discrimination against SALAZAR because of Plaintiff's race/color, Hispanic, and/or Plaintiff's ethnicity/ancestry, American, US1 MOTEL MANAGEMENT LLC unlawfully terminated SALAZAR's employment on or around May 17, 2021 because of Plaintiff's complaints, in violation of 42 U.S.C. §1981.

45.     But for SALAZAR's good faith opposition and discrimination complaints about Plaintiff in good believe was race/color and ethnicity/ancestry discrimination against SALAZAR because of Plaintiff's race/color, Hispanic, and/or Plaintiff's ethnicity/ancestry, American, SALAZAR would not have been terminated from her employment by US1 MOTEL MANAGEMENT LLC in May 2021 in violation of 42 U.S.C. §1981.

46.     US1 MOTEL MANAGEMENT LLC's decision to terminate SALAZAR's employment in May 2021 based upon Plaintiff's good faith opposition and complaints about discrimination because of SALAZAR's race/color, Hispanic, and/or Plaintiff's ethnicity/ancestry,

American, constitutes intentional discrimination against SALAZAR in violation of 42 U.S.C. §1981. In other words, but for SALAZAR's discrimination complaints and opposition what she in good faith believed were discriminatory practices by Defendant, Plaintiff would not have been fired by US1 MOTEL MANAGEMENT LLC in May 2021.

47.     US1 MOTEL MANAGEMENT LLC's retaliation against SALAZAR in violation of her rights under 42 U.S.C. §1981 was intentional and undertaken with malice and a reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States. As such, SALAZAR is entitled to punitive damages against US1 MOTEL MANAGEMENT LLC pursuant to 42 U.S.C. §1981a(a)(1).

48.     SALAZAR has suffered lost earnings, emotional distress, loss of self-esteem, and other injuries and damages as a direct result of US1 MOTEL MANAGEMENT LLC's retaliation in violation of 42 U.S.C. §1981.

49.     Pursuant to 42 U.S.C. §1988(b), SALAZAR is entitled to recover her reasonable attorneys' fees and costs from US1 MOTEL MANAGEMENT LLC.

WHEREFORE, Plaintiff, ZARJE SALAZAR, demands judgment against Defendant, US1 MOTEL MANAGEMENT LLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, punitive damages, equitable relief including but not limited to front pay, injunctive relief, interest, attorneys' fees, costs, expert fees, and such other and further relief as this Honorable Court deems proper.

## COUNT III
## RACE/NATIONAL ORIGIN/ETHNICITY DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

Plaintiff, ZARJE SALAZAR, reasserts and reaffirms the allegations of Paragraphs 1 through 28 as if fully set forth herein and further states that this is an action against US1 MOTEL

MANAGEMENT LLC for race, national origin, and ethnicity discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

50.     Title VII of the Civil Rights Act of 1964, as amended, provides that it is unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's **race, color** sex, or **national origin**." 42 U.S.C. §2000e-2(a)(1).

51.     On multiple occasions between April 2021 and May 2021, SALAZAR was subjected to discriminatory intimidation, ridicule, and insults by US1 MOTEL MANAGEMENT LLC, all of which were based upon SALAZAR's race/color, Hispanic, and/or Plaintiff's national origin, American.

52.     Between approximately April 2021 and May 2021, US1 MOTEL MANAGEMENT LLC treated other non-American and/or non-Hispanic employees of Defendant more favorably than SALAZAR because of unlawful disparate treatment by Defendant against SALAZAR based upon SALAZAR's race/color, Hispanic, and/or Plaintiff's national origin, American, in violation of 42 U.S.C. §2000e-2(a)(1).

53.     US1 MOTEL MANAGEMENT LLC's management knew or should have known of the unlawful discrimination against SALAZAR between April 2021 and May 2021 based upon Plaintiff's race/color, Hispanic, and/or Plaintiff's national origin, American—including but not limited to Defendant's knowledge derived from SALAZAR's internal discrimination complaints to management—but US1 MOTEL MANAGEMENT LLC failed to take immediate and appropriate corrective action.

54.     On or around May 17, 2021, US1 MOTEL MANAGEMENT LLC terminated SALAZAR's employment because of Plaintiff's race/color, Hispanic, and/or Plaintiff's national

origin, American, in violation of 42 U.S.C. §2000e-2(a)(1).

55.     On or around May 17, 2021, US1 MOTEL MANAGEMENT LLC terminated SALAZAR's employment for one or more reasons that were false and known to be false by Defendant at the time of Plaintiff's termination.

56.     A motivating factor behind US1 MOTEL MANAGEMENT LLC's termination of SALAZAR's employment in May 2021 was SALAZAR's race/color, Hispanic, and/or Plaintiff's national origin, American, in violation of 42 U.S.C. §2000e-2(a)(1).

57.     US1 MOTEL MANAGEMENT LLC's violations of SALAZAR's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for SALAZAR's rights as guaranteed under the laws of the United States. As such, SALAZAR is entitled to punitive damages against US1 MOTEL MANAGEMENT LLC pursuant to 42 U.S.C. §1981a(a)(1).

58.     SALAZAR has suffered lost earnings and employment benefits, emotional distress, loss of self-esteem, and damages as a direct result of US1 MOTEL MANAGEMENT LLC's violations of 42 U.S.C. §2000e-2(a)(1) & (2).

59.     Pursuant to 42 U.S.C. §2000e-5(k), SALAZAR is entitled to recover her reasonable attorneys' fees and costs from US1 MOTEL MANAGEMENT LLC.

WHEREFORE, Plaintiff, ZARJE SALAZAR, demands judgment against Defendant, US1 MOTEL MANAGEMENT LLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

13

<u>COUNT IV</u>
<u>RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF</u>
<u>1964, 42 U.S.C. §2000e-3(a)</u>

Plaintiff, ZARJE SALAZAR, reasserts and reaffirms the allegations of Paragraphs 1 through 29 as if fully set forth herein and further states that this is an action against US1 MOTEL MANAGEMENT LLC for Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3.

60. Pursuant to 42 U.S.C. §2000e-3(a), "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees .... because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

61. On multiple occasions in May 2021, SALAZAR objected to and complained to US1 MOTEL MANAGEMENT LLC's Manager, Joao Roselini, about the unlawful race/color and national origin harassment and disparate treatment against SALAZAR while Plaintiff was working at Defendant's "NEXX Motel," but Defendant failed to take remedial action to prevent or correct such unlawful conduct from continuing, in violation of Title VII of the Civil Rights Act of 1964, despite the fact that Defendant knew or should have known that such race/national origin discrimination was illegal.

62. When SALAZAR objected to and verbally complained to Joao Roselini on multiple occasions in May 2021 about what Plaintiff reasonably and in good faith believed was unlawful race/color and national origin discrimination against Plaintiff, SALAZAR engaged in protected activity within the meaning of 42 U.S.C. §2000e-3(a).

63.     Likewise, when SALAZAR contacted ICE ns in May 2021 to report that US1 MOTEL MANAGEMENT LLC was illegally employing undocumented workers from other countries in violation of the law, SALAZAR engaged in protected activity within the meaning of 42 U.S.C. §2000e-3(a).

64.     SALAZAR reasonably and in good faith believed between April 2021 and May 2021 US1 MOTEL MANAGEMENT LLC was subjecting Plaintiff to illegal discrimination because of her race/color, Hispanic, and/or Plaintiff's national origin, American, when SALAZAR complained to US1 MOTEL MANAGEMENT LLC's management in May 2021 about this discrimination.

65.     The fact that SALAZAR engaged in activity protected by the Title VII was a motivating factor in US1 MOTEL MANAGEMENT LLC's termination of Plaintiff's employment in May 2021, in violation of 42 U.S.C. §2000e-3(a).

66.     US1 MOTEL MANAGEMENT LLC's termination of SALAZAR's employment on or around May 17, 2021 because of Plaintiff's discrimination complaints was unlawful retaliation against SALAZAR in violation of 42 U.S.C. §2000e-3(a).

67.      US1 MOTEL MANAGEMENT LLC's unlawful retaliation against SALAZAR was intentional and done with malice and reckless disregard for SALAZAR's rights as guaranteed under Title VII.

68.     As a direct and proximate result of US1 MOTEL MANAGEMENT LLC's unlawful retaliation against SALAZAR, Plaintiff has suffered damages and has been deprived of job-related economic benefits, all in amounts to be established at trial, including suffering lost earnings, emotional distress, loss of self-esteem, and damages as a direct result of US1 MOTEL MANAGEMENT LLC' violations of 42 U.S.C. §2000e-3(a).

69.     Pursuant to 42 U.S.C. §2000e-5(k) and §1988(b), SALAZAR is entitled to recover her reasonable attorneys' fees and costs from US1 MOTEL MANAGEMENT LLC.

WHEREFORE, Plaintiff, ZARJE SALAZAR, demands judgment against Defendant, US1 MOTEL MANAGEMENT LLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

**COUNT V**
**RACE/NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF**
**THE FLORIDA CIVIL RIGHTS ACT**

Plaintiff, ZARJE SALAZAR, reasserts and reaffirms the allegations set forth in paragraphs 1 through 28 above and further states that this is an action against US1 MOTEL MANAGEMENT LLC for race and national origin discrimination in violation of Florida Statutes §760.10(1).

70.     The Florida Civil Rights Act provides that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's **race, color**, religion, sex, pregnancy, **national origin**, age, handicap, or marital status." F.S. §760.10(1)(a).

71.     At all times material to this action, SALAZAR has been an aggrieved person within the meaning of F.S. §760.02(10).

72.     On multiple occasions between April 2021 and May 2021, SALAZAR was subjected to discriminatory intimidation, ridicule, and insults by US1 MOTEL MANAGEMENT LLC, all of which were based upon SALAZAR's race/color, Hispanic, and/or Plaintiff's national origin, American.

73.     Between approximately April 2021 and May 2021, US1 MOTEL MANAGEMENT LLC treated other non-American and/or non-Hispanic employees of Defendant more favorably than SALAZAR because of unlawful disparate treatment by Defendant against SALAZAR based upon SALAZAR's race/color, Hispanic, and/or Plaintiff's national origin, American, in violation of F.S. §760.10(1).

74.     US1 MOTEL MANAGEMENT LLC's management knew or should have known of the unlawful discrimination against SALAZAR between April 2021 and May 2021 based upon Plaintiff's race/color, Hispanic, and/or Plaintiff's national origin, American—including but not limited to Defendant's knowledge derived from SALAZAR's internal discrimination complaints to management—but US1 MOTEL MANAGEMENT LLC failed to take immediate and appropriate corrective action.

75.     On or around May 17, 2021, US1 MOTEL MANAGEMENT LLC terminated SALAZAR's employment because of Plaintiff's race/color, Hispanic, and/or Plaintiff's national origin, American, in violation of F.S. §760.10(1).

76.     On or around May 17, 2021, US1 MOTEL MANAGEMENT LLC terminated SALAZAR's employment for one or more reasons that were false and known to be false by Defendant at the time of Plaintiff's termination.

77.     A motivating factor behind US1 MOTEL MANAGEMENT LLC's termination of SALAZAR's employment in May 2021 was SALAZAR's race/color, Hispanic, and/or Plaintiff's national origin, American, in violation of F.S. §760.10(1).

78.     US1 MOTEL MANAGEMENT LLC's violations of §760.10(1)(a) were intentional and were done with malice and reckless disregard for SALAZAR's rights as guaranteed under the laws of the State of Florida, such that SALAZAR is entitled to punitive damages against

US1 MOTEL MANAGEMENT LLC pursuant to F.S. §760.11(5).

79.     SALAZAR has suffered lost earnings, emotional distress, loss of self-esteem, and other damages as a direct result of US1 MOTEL MANAGEMENT LLC's violations of F.S. §760.10(1).

80.     Pursuant to F.S. §760.11(5), SALAZAR is entitled to recover her reasonable attorneys' fees and costs from US1 MOTEL MANAGEMENT LLC as a result of Defendant's violations of the FCRA.

WHEREFORE, Plaintiff, ZARJE SALAZAR, demands judgment against Defendant, US1 MOTEL MANAGEMENT LLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, equitable relief, interest, costs, attorney's fees, expert fees and such other and further relief as the Court deems proper.

<u>COUNT VI</u>
<u>RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, F.S. §760.10</u>

Plaintiff, ZARJE SALAZAR, reasserts and reaffirms the allegations set forth in paragraphs 1 through 28 above and further states that this is an action against US1 MOTEL MANAGEMENT LLC for Retaliation in violation of the Florida Civil Rights Act, F.S. §760.10.

81.     Pursuant to F.S. §760.10(7), it is "an unlawful employment practice for an employer … to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section."

82.     At all times material to this action, SALAZAR has been an aggrieved person within the meaning of F.S. §760.02(10).

83.     On multiple occasions in May 2021, SALAZAR objected to and complained to US1 MOTEL MANAGEMENT LLC's Manager, Joao Roselini, about the unlawful race/color and national origin harassment and disparate treatment against SALAZAR while Plaintiff was working at Defendant's "NEXX Motel," but Defendant failed to take remedial action to prevent or correct such unlawful conduct from continuing, in violation of the Florida Civil Rights Act, despite the fact that Defendant knew or should have known that such race/national origin discrimination was illegal.

84.     When SALAZAR objected to and verbally complained to Joao Roselini on multiple occasions in May 2021 about what Plaintiff reasonably and in good faith believed was unlawful race/color and national origin discrimination against Plaintiff, SALAZAR engaged in protected activity within the meaning of F.S. §760.10(7).

85.     Likewise, when SALAZAR contacted ICE ns in May 2021 to report that US1 MOTEL MANAGEMENT LLC was illegally employing undocumented workers from other countries in violation of the law, SALAZAR engaged in protected activity within the meaning of F.S. §760.10(7).

86.     SALAZAR reasonably and in good faith believed between April 2021 and May 2021 US1 MOTEL MANAGEMENT LLC was subjecting Plaintiff to illegal discrimination because of her race/color, Hispanic, and/or Plaintiff's national origin, American, when SALAZAR complained to US1 MOTEL MANAGEMENT LLC's management in May 2021 about this discrimination.

87.     The fact that SALAZAR engaged in activity protected by the Florida Civil Rights Act was a motivating factor in US1 MOTEL MANAGEMENT LLC's termination of Plaintiff's employment in May 2021, in violation of F.S. §760.10(7).

88.     US1 MOTEL MANAGEMENT LLC's termination of SALAZAR's employment on or around May 17, 2021 because of Plaintiff's discrimination complaints was unlawful retaliation against SALAZAR in violation of F.S. §760.10(7).

89.     The reasons proffered and/or relied upon by US1 MOTEL MANAGEMENT LLC for terminating SALAZAR's employment were false and known to be false by Defendant at the time of Plaintiff's termination and instead were a pretext for unlawful retaliation against SALAZAR in violation of F.S. §760.10(7).

90.     US1 MOTEL MANAGEMENT LLC's violations of §760.10 were intentional and were done with malice and reckless disregard for SALAZAR's rights as guaranteed under the laws of the State of Florida through the Florida Civil Rights Act, such that SALAZAR is entitled to punitive damages against SALAZAR pursuant to F.S. §760.11(5).

91.     SALAZAR has suffered lost earnings, emotional distress, loss of self-esteem, and damages as a direct result of US1 MOTEL MANAGEMENT LLC's violations of F.S. §760.10(7).

92.     Pursuant to F.S. §760.11(5), SALAZAR is entitled to recover her reasonable attorneys' fees and costs from US1 MOTEL MANAGEMENT LLC as a result of Defendant's violations of the FCRA.

WHEREFORE, Plaintiff, ZARJE SALAZAR, demands judgment against Defendant, US1 MOTEL MANAGEMENT LLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as the Court deems proper.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated:  June 15, 2022                          Respectfully submitted,

                             By:    **KEITH M. STERN**
                                     Keith M. Stern, Esquire
                                     Florida Bar No. 321000
                                     E-mail:  employlaw@keithstern.com
                                     LAW OFFICE OF KEITH M. STERN, P.A.
                                     80 S.W. 8th Street, Suite 2000
                                     Miami, Florida 33130
                                     Telephone:  (305) 901-1379
                                     Attorneys for Plaintiff

# EXHIBIT A

# SEPARATION AGREEMENT AND RELEASE OF WORK DUTIES

This Separation Agreement ("Agreement") is entered into as of the date last set forth hereinafter by and between USI MOTEL MANAGEMENT, LLC, a Florida, limited liability company, having its principal place of business at 22345 S. Dixie Highway, Goulds, Florida 33170 ("Company"), and ZARJE SALAZAR, whose mailing address is 760 SE 29 DRIVE HOMESTEAD, 33030.

## RECITALS:

A. The Employee and the Company are parties to an at will employment relationship whereby Employee has worked as a House Keeper at the Company's motel business.

B. **The Employee's employment with the Company is being terminated effective May 17th, 2021 without cause**.

C. The Company is terminating the Employee's employment exclusively through the exercise of Company's rights as an at will employer to terminate such employment, and, furthermore, such termination is without cause.

D. Company wishes to obtain a general release from Employee (as more fully specified hereinafter).

NOW, THEREFORE, in consideration of the covenants and agreements contained in this agreement, the receipt and adequacy of which are acknowledged, it is agreed as follows:

1. Compliance with Agreements. Upon receiving last week pay employee agrees the employees are up to date with all payments and doesn't own any other payments to the employee.

2. General Release. Employee releases and discharges the Company and its officers, directors, employees and agents from all claims, rights, charges and/or causes of action (claims) which Employee had, now has or may have in the future arising out of or related to employment with the Company, the termination of his or her employment, and/or any other matter through the date this agreement is signed, including but not limited to, claims under all other employment discrimination laws, tort claims, contract claims, and claims under all federal, state and local laws, but excluding claims under the Age Discrimination in Employment Act, as amended. Employee confirms that the consideration provided under this agreement is in addition to that to which Employee was already entitled. Employee voluntarily agrees to accept the consideration set forth in paragraph 1 of this Agreement in full accord and satisfaction of all claims. This release is agreed to without reliance on any statement or representation. Employee agrees that he or she will not file or maintain any suit or claim arising out of or related to the matters released.

3. Attorneys' Fees. In the event it is necessary for Company or Employee to retain the services of an attorney or any other consultants in order to enforce this Agreement, or any portion thereof, the Employee agrees to pay to Company any and all costs and expenses, including, without limitation, attorneys' fees, incurred by Company as a result thereof and such costs, fees and expenses shall be included in Costs.

Initials: _____ _____

Page 1 of 2

4. <u>Reliance</u>. Company would not enter into the Agreement with Employee without including the General Release language herein by Employee in favor of Company. Accordingly, Employee intentionally and unconditionally enters into the covenants and agreements as set forth above and understands that, in reliance upon and in consideration of such covenants and agreements, the Agreement is being made and, as part and parcel thereof, is being and shall be entered into which would not be made or entered into but for such reliance.

5. <u>Governing Law, Jurisdiction, Venue, and Forum</u>. The Agreement shall be governed by and construed in accordance with the laws of the State of Florida, regardless of the laws that might otherwise govern under applicable principles of conflicts of laws thereof. In the event of any dispute hereunder, the prevailing party shall be entitled to recover all costs, including reasonable attorney's fees, incurred in adjudicating such dispute, including, but not limited to, attorney's fees and costs incurred in appellate and bankruptcy courts. Company and Employee acknowledge and agree that any dispute arising from the instant Agreement shall be adjudicated solely in the circuit and/or county courts of Miami-Dade County, Florida.

6. <u>Entire Agreement</u>. The Agreement constitutes the entire agreement between the parties and supersedes any prior written or oral understandings, agreements, or representations by or among the parties that may have related in any way to the subject matter of the Agreement.

IN WITNESS OF THE ABOVE, the parties have executed this agreement as of the date last set forth hereinafter.

## EMPLOYER:

US1 MOTEL MANAGEMENT, LLC, a Florida Limited Liability Company

By: _____     Dated: _____
   Hygor Pedroni

## EMPLOYEE:

By: _____     Dated: _____
   ZARJE SALAZAR

Initials: _____ _____

# EXHIBIT B

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

| Florida Commission on Human Relations | | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Zarje Salazar | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| US1 Motel Management LLC | 15+ | (305) 258-2114 |

| Street Address | City, State and ZIP Code |
|---|---|
| 22345 S. Dixie Highway | Miami, Florida 33170 |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN

☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest          Latest
May 17, 2021

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On or around April 15, 2021, I began working for Respondent, US1 MOTEL MANAGEMENT LLC, as House Keeper at Respondent's "NEXX Motel" based upon the regular rate of $11.00 per hour, carrying out cleaning duties including cleaning up rooms and showers and jacuzzi tubs, cleaning the laundromat, and cleaning the parking lot for Respondent. At the time I was hired in April 2021, Respondent's Manager, Joao Roselini, discussed with me what my native and primary language was, as part of which I informed Roselini that English was my native and primary language. In this regard, Roselini replied that he liked the fact that I spoke English because: (i) I would be capable of communicating with Respondent's customers in English; and (ii) according to Roselini, none of Respondent's other employees from housekeeping knew how to speak English.

Between April 2021 and May 2021, I satisfactorily performed my essential duties as a House Keeper for Respondent. In May 2021, two (2) other housekeeping employees at Respondent's "NEXX Motel"—Jennifer, a Hispanic individual of Guatemalan descent and another Hispanic housekeeper of Cuban descent—complained that I regularly spoke in English over the walkie talkie and not in Spanish, with those two (2) other employees being individuals who only spoke Spanish, while I am a Hispanic American.

Subsequently in May 2021, Roselini called me to come back into the laundromat at Respondent's "NEXX Motel" while approximately four (4) other employees were present in the laundromat—including (i) Jennifer; (ii) Daily, a Hispanic employee who was of Cuban descent and who spoke Spanish; (iii) another Hispanic employee who was of Cuban descent and spoke only Spanish; and (iv) Soy, a/k/a Zoe, Respondent's front desk attendant, a Hispanic employee who was of Honduran descent—and Roselini notified me that he didn't want me to speak English in Respondent's workplace any longer because Respondent's other housekeeping employees at "NEXX Motel" were from other countries and could not understand English, as those other housekeeping employees only spoke Spanish. Moreover, Roselini instructed me in May 2021 that I was no longer permitted to speak English at all while working for Respondent, as part of which Roselini told Soy, Respondent's front desk attendant, that Soy could not speak to me in English and rather that Soy could only speak to me in Spanish from that point forward.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>12/05/2021  Zarje Salazar (Dec 5, 2021 13:39 EST)<br>Date          Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC Form 5 (11/09)

| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act<br>Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s): |
|---|---|---|

| Florida Commission on Human Relations | | and EEOC |
|---|---|---|

*State or local Agency, if any*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

A few days later in May 201, while I was in the laundromat at Respondent's "NEXX Motel" to pick up cleaning supplies, I said "excuse me" in Spanish to one of Respondent's housekeeping employees who was of Cuban descent and who spoke only Spanish, but that other employee got upset at how I had purportedly pronounced the words I used in Spanish and the other employee claimed that she could not understand me when I had been speaking in Spanish—at which point I tried to resolve the situation. However, this angered the other housekeeping employee even more and she not only began yelling at me not to speak to her in English but the other housekeeping employee questioned me about how Roselini had recently instructed me that I was not permitted to speak English in the workplace any longer.

On numerous occasions during my employment with Respondent between April 2021 and May 2021, Roselini repeatedly stated that Respondent "preferred to hire undocumented employees who were illegal" and "could be abused." Further in May 2021, I contacted United States Immigration and Customs Enforcement (ICE) a total of approximately two (2) to three (3) times to report that Respondent was illegally employing undocumented workers from other countries in violation of the law, which complaints were known to Respondent and which were discussed with other employees of Respondent at the "NEXX Motel."

On or around May 17, 2021, I went into the office at Respondent's "NEXX Motel" in order to talk with Roselini about what days I was scheduled to work, but Roselini informed me that Respondent was terminating my employment purportedly because: (i) Respondent's other housekeeping employees felt uncomfortable because I had spoken in English in the workplace and the other housekeeping employees were only people from other countries who only spoke Spanish; and (ii) Roselini had previously instructed me earlier in May 2021 never to speak English again while working for Respondent. Significantly, Roselini also told me on or around May 17, 2021 that he had no problem with how I worked as a House Keeper and that he believed I did an excellent job for Respondent, but Roselini believed I made Respondent's other housekeeping employees upset and uncomfortable because of how I spoke in Spanish and English to the housekeeping employees who were all from other countries and only spoke Spanish. I expressly objected and complained to Roselini on or around May 17, 2021 about Respondent's discrimination against me, and I also reminded Roselini on May 17th that we discussed when Respondent hired me in April 2021 that my primary language was English, but Roselini cited his May 2021 instruction to me not to speak English in Respondent's workplace as part of the justification for Respondent terminating my employment.

Finally when Respondent fired me on or around May 17, 2021, Roselini handed me a proposed "Separation Agreement and Release of Work Duties," which Agreement I was asked to sign immediately—but which I did not sign—and which Agreement set forth, inter alia, that: (i) I was being terminated "without cause" effective May 17, 2021; and (ii) in exchange for my final week of pay, I would release Respondent from any and all rights and Age Discrimination or other claims of any kind that I could possibly have against Respondent (excluding only claims under the Age Discrimination in Employment Act).

I believe Respondent subjected me to unlawful disparate treatment and discrimination because of my race, ethnicity/ancestry, and/or national origin and unlawfully retaliated against me because I objected to Respondent's discrimination and because I exercised my rights, culminating in the illegal termination of my employment on or around May 17, 2021, all in violation of Title VII of the Civil Rights Act and Florida Civil Rights Act.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State or Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 12/05/2021    *(Dec 5, 2021 13:39 EST)*<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

# Salazar Zarje EEOC Charge for Execution

Final Audit Report                                              2021-12-05

| | |
|---|---|
| Created: | 2021-12-05 |
| By: | Keith Stern (employlaw@keithstern.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAegPB8NEksLTuum-Dspc_s1g8UduGRJ6m |

## "Salazar Zarje EEOC Charge for Execution" History

📄 Document created by Keith Stern (employlaw@keithstern.com)
2021-12-05 - 6:16:47 PM GMT- IP address: 76.108.235.148

📧 Document emailed to Zarje Salazar (catherinesalazar127@gmail.com) for signature
2021-12-05 - 6:18:04 PM GMT

📄 Email viewed by Zarje Salazar (catherinesalazar127@gmail.com)
2021-12-05 - 6:19:45 PM GMT- IP address: 66.102.7.153

✍ Document e-signed by Zarje Salazar (catherinesalazar127@gmail.com)
Signature Date: 2021-12-05 - 6:39:33 PM GMT - Time Source: server- IP address: 172.58.128.5

✅ Agreement completed.
2021-12-05 - 6:39:33 PM GMT

**Adobe Sign**

# EXHIBIT C

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Miami District Office**
100 SE 2nd St ,Suite 1500
Miami ,Florida ,33131
(800) 669-4000
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 03/16/2022

**To:** Miss Zarje Salazar

Charge No: 510-2022-01399

EEOC Representative and email:       Pablo Arucas
                                     Federal Investigator
                                     Pablo.Arucus@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 510-2022-01399.



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Miami District Office**
100 SE 2nd St ,Suite 1500
Miami ,Florida ,33131
(800) 669-4000
Website: www.eeoc.gov

On Behalf of the Commission:

Digitally Signed By:Roberto Chavez
03/16/2022
_____

Roberto Chavez
Acting Director

**Cc:**
Valerie Barnhart
Attorney
US1 MOTEL MANAGEMENT LLC
valerie@barnhartfirm.com

Keith Stern
AttorneyLAW OFFICE OF KEITH M. STERN, P.A.
kms@workingforyou.com

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (Release Date)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Enclosure with EEOC Notice of Closure and Rights (Release Date)

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 510-2022-01399 to the District Director at Roberto Chavez, 100 SE 2nd St Suite 1500 Miami, FL 33131. You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to:
https://www.eeoc.gov/eeoc/foia/index.cfm.

Enclosure with EEOC Notice of Closure and Rights (Release Date)